IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RONALD TERRY, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 1:15-cv-01024-JDB-egb<br>) |
| GRADY PERRY, | )<br>)<br>) |
| Respondent. | )<br>) |

ORDER DISMISSING § 2241 PETITION

On February 6, 2015, Petitioner, Ronald Terry, Tennessee Department of Correction ("TDOC") prisoner number 345251, who was, at the time, incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, titled "Emergency Petition for Writ of Habeas Corpus Relief under [§] 2241 Demanding to be Forthwith Release[ed] from Involuntary Segregation" (the "Petition"). (Pet., ECF No. 1.)[1] Terry paid the habeas filing fee. (Case initiation fee, ECF No. 2.) The Clerk is **DIRECTED** to record the Respondent as HCCF Warden Grady Perry.[2]

In the Petition, Terry alleges that he was formerly a member of the Vice Lords, a Security Threat Group ("STG"). He renounced his membership in the STG, graduated from the Security

---

[1]Although the Petition bears the caption of the Western Division of this district and was hand delivered to the Memphis courthouse, the Clerk's office docketed this matter as an Eastern Division case, presumably because Hardeman County is in the Eastern Division of this district. 28 U.S.C. § 123(c)(1).

[2]The Clerk is **DIRECTED** to substitute Grady Perry for former HCCF Warden Michael Donahue as Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

Management Unit and signed a contract with TDOC Commissioner Derrick Schofield on December 11, 2014, that allowed him to be released into the general population at the HCCF. According to Petitioner, Warden Donahue has violated his right to procedural due process by assigning him to involuntary administrative segregation under protective custody pending his transfer to an out-of-state institution. This assignment was made against Terry's will and without notice and a hearing. The purpose of the housing assignment, the inmate contends, was to punish him for his prior STG membership.

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies' . . . ." *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.,* 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater,* 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

On May 7, 2015, Terry notified the Clerk that he was no longer in TDOC custody, having been transferred to a prison in Florida. (Not. of Change of Address, ECF No. 4.) Because

Petitioner is no longer in TDOC custody, the Petition is DENIED as moot. Judgment shall be entered for Respondent.

IT IS SO ORDERED this 16th day of June 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE